Chi Modu
Chimodu@gmail.com
210 Central Ave. #301,
Jersey City, NJ 07307
Tel: (201) 395-9907
Plaintiff in Pro Per

RECEIVED
SDNY PRO SE OFFICE

2020 MAR 19  PM 1: 04

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

**CHI MODU, ET AL**

                            Plaintiff,

             vs.

**NOTORIOUS B.I.G. LLC, a**
**Delaware limited liability company, VOLETTA**
**WALLACE, FAITH EVANS, RICK BARLOWE**
**BYSTORM ENTERTAINTMENT, WAYNE**
**BARROW, TOM BENNET, Republic Merchandising,**
**Inc., REMRYLIE LICENSE GROUP, INC. and**
**JOHN and JANE DOES 1-10**

                     Defendant(s)

-----------------------------------------------------------------x

Case No.:   **20-cv-2453**

**COMPLAINT**

CHI MODU, ET AL ("CHI") hereby files this Complaint against Defendants Notorious

B.I.G. LLC ("BIG"), Wayne Barrow, and ByStorm Entertainment, Voletta Wallace, Faith Evans,

Rick Barlowe, Tom Bennett, Republic Merchandising, Inc., Remrylie License Group, Inc. and

John and Jane Does 1-10 and alleges as follows:

## NATURE OF ACTION

1.     Plaintiff CHI is a world-famous photographer.

2.      Plaintiff seeks damages and injunctive relief for: (i) Defamatory comments made by Defendants pursuant to New York Civil Rights Law §§ 74-75 and 28 U.S.C. §§4101; (ii) unfair competition in violation of Section 43(a) of the federal Lanham Trademark Act, 15 U.S.C. § 1125(a) and New York General Business Law §§ 349-350; (iii) intentional interference with the contractual relationship pursuant to Section 43(a) the Federal Lanham Trademark Act, 15 U.S.C. §§1125(a) and New York General Business Law §§ 349-350; (iv) unfair competition in violation of the common law of the State of New York; and (v) intentional infliction of emotional distress.

3.      Plaintiff's claims all arise out of Defendants' attempt to extort CHI by offering a unfair sum of money to license the copyrighted photograph taken in 1996 of Christopher Wallace standing in the foreground with New York skyline and specifically the World Trade Center towers, in the background."

4.      Notorious B.I.G. LLC., through its members and agents out of retaliation for CHI filed a malicious and baseless lawsuit against him, defamed CHI and ensured him that he would not get any more work or projects not only for the 1996 Biggie Smalls photograph but to the CHI's entire catalog of copyrighted works.

5.      Due to Defendant's wanton, illegal, vindictive and baseless conduct, CHI has suffered severe economic and emotional harm.

6.      CHI seeks equitable relief, punitive damages and attorney's fees based on applicable statutes.

**THE PARTIES**

2

7.      Plaintiff CHI is a world-renowned photographer as acclaimed by global publications included but not limited to: Paper Magazine, BBC, GQ Brazil, HypeBeast, Amuse/Vice, High Snobiety and more. He has worked with some of the biggest Hip-Hop Artists of all time that consist of Ice Cube, Ice T, Snoop Dogg, Eazy-E, Nas, and more. Upon information and belief, he is an individual residing in Jersey City, NJ. Modu does substantial, systematic, and continuous business in the State of New York and this judicial district.

8.      Defendants NOTORIOUS B.I.G. LLC., is a Delaware limited liability company that, *inter alia*, owns and controls the intellectual property rights of Wallace. Wallace was domiciled in New Jersey when he died. His estate, the predecessor-in-interest to BIG, was probated in Bergen County, New Jersey.

9.      Upon information and belief, Defendant ByStorm Entertainment is a New York record company that, *inter alia*, does substantial, systematic, and continuous business in the State of New York and this judicial district having a principal place of business at 25 Madison Avenue New York, NY, United States 10010

10.     Upon information and belief, Wayne Barrow, founding President of ByStorm Entertainment, is an individual residing in the State of New Jersey. Barrow does substantial, systematic, and continuous business in the State of New York and this judicial district, having a principle place of business at 25 Madison Avenue New York, NY, United States 10010.

11.     Upon information and belief, Voletta Wallace, is an individual residing in

_____.

12.     Upon information and belief, Faith Evans, is an individual residing in _____.

13.     Upon information and belief, Rick Barlowe, is an individual residing in

_____.

3

14.     Upon information and belief, Tom Bennet, is an individual residing in _____.

15.     Upon information and belief, Republic Merchandising, Inc is a California entity that *inter alia* does substantial, systematic, and continuous business in the State of New York and this judicial district.

16.     Upon information and belief, REMRYLIE LICENSING, INC is a California entity that *inter alia* does substantial, systematic, and continuous business in the State of New York and this judicial district having a principal place of business at

17.     Upon information and belief, Defendants John and Jane Does 1-10 are individuals and/ or corporate entities whose identity is presently unknown, residing or doing business in this judicial District, but who identity will become known through discovery in this action.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction over this action under the copyright laws of the United States, 17 U.S.C. § 101 eq seq. and 28 U.S.C. §§ 1331.

19.     Venue is proper in this District under 28 U.S.C. §1391(b), 28 U.S.C. § 1391 (c) and 28 U.S.C. §1400(a).

20.     Upon information and belief, this Court has personal jurisdiction over the Defendants.

## FACTUAL ALLEGATIONS

21.     Defendant/Counterclaim plaintiff Chi Modu ("CHI") is a world-renowned photographer as acclaimed by global publications including not limited to: Paper Magazine, BBC, GQ Brazil, HypeBeast, Amuse/Vice, High Snobiety and more.

4

22.     World-Renowned Hip-Hop artist made the following statements about CHI in a recent magazine article:

**WWD**: What did you think of Chi when you first met him?

**Snoop Dogg**: I just knew he had done great work and we clicked from the beginning. At the same time, I was young, so I wasn't really familiar with cameras and every cameraman I met was different. By him being from the East Coast and having pictures of the artists that I really respected and loved, it made me automatically gel with him and want to be a part of his résumé. Early on I didn't know it'd be classic like this, but just knowing he was doing s–t with the people that I really respected and loved and the way it looked in the pictures from Ice Cube to EPMD to whomever, made me want to do pictures with him. That was around the time you would look and see who the photographer was, who was the man behind it, so you could see who he was and you could connect with him. That's why a lot of photographers and directors got used over and over, because the word got out they were great at what they did and we were a community that was a brotherhood. So if his s–t was dope, we would look and say, "I want my s–t to be dope, who did it? Chi Modu. Who is that? Let me reach out to him." - WWD / Snoop Dogg

23.     Plaintiff CHI has held a Federally Registered Copyright for the image of the subject in question since 2006. Copyright Number is (Vau690-814)

24.     BIG through its members and agents acting on its behalf including Voletta Wallace, Faith Evans, Rick Barlow, Wayne Barrow and Tom Bennett are aware of this copyright having licensed the copyrighted material from CHI on multiple occasions, with the last contract ended in December 2018.

5

25.    BIG through its members and agents including Voletta Wallace, Faith Evans, Rick Barlow, Wayne Barrow and Tom Bennett tried to extort CHI by offering a unfair sum of money to license the copyrighted photo compared to the revenue they were set to gain based off CHI'S copyrighted photos.

26.    CHI tried to negotiate a more equitable and fair deal for his own Material Work (copyrighted image with the subject) with BIG and its members and agents acting on its behalf including Voletta Wallace, Faith Evans, Rick Barlow, Wayne Barrow and Tom Bennett. When negotiations broke down BIG through its members and agents commenced this action.

27.    BIG through its members and agents acting on its behalf including Voletta Wallace, Faith Evans, Rick Barlow, Wayne Barrow and Tom Bennett out of retaliation for CHI asking for a more equitable deal filed a malicious and baseless lawsuit, defamed CHI to ensure that he would not get any more work or projects not only for the photograph in question but to the Defendants entire catalog of copyrighted works.

28.    Due to BIG's wanton, illegal, vindictive and baseless conduct CHI has suffered severe economic and emotional harm.

29.    Defendant/counterclaim plaintiff seeks equitable relief, punitive damages and attorney fees. Based on applicable statutes.

## COUNT I
## DEFAMATION/LIBEL

30.    CHI seeks relief based on New York Civil Rights Law §§ 74-75 and 28 U.S.C. §§4101

31.    BIG has made numerous factual statements to other persons, some of which have been filed as factual statements in the instant Complaint, alleging numerous actions allegedly undertaken or conducted by CHI.

6

32.     Among the statements alleged by BIG were that CHI was a "usurper and parasite that attempt to create profits through no WORK of his own", painted the picture that CHI was a thief stating he "intentionally and in bad faith gained access to a photograph." A photograph that the BIG knew was CHI's copyrighted work.

33.     Not more than one year prior to the date hereof, Plaintiffs published and stated defamatory and false statements of fact injuring CHI with the required degree of fault.

34.     BIG's allegations are knowingly false.

35.     BIG's statements and assertions are slanderous as a matter of law in that the statements were intended to and did (1) cause injury to CHI's reputation, (2) Expose him to public ridicule, shame or disgrace, and (3) affected him adversely in his trade and business.

36.     BIG published these statements to others. 8. CHI has been damaged by an amount to be decided by a jury.

## COUNT II
## UNFAIR COMPETITION BASED ON MALICIOUS LAWS

37.     CHI seeks relief based on New York General Business Law §§ 349-350 and Section 43(a) the Federal Lanham Trademark Act, 15 U.S.C. §§1125(a); (1) unfair competition (2) unlawful business act or practice; and (3) unfair business act or practice.

38.     CHI is a competitor of BIG and CHI and BIG operate in the same market.

39.     BIG filed its instant lawsuit in bad faith and without probable cause. BIG's lawsuit has no basis and BIG knew its lawsuit had no basis.

40.     BIG is aware that CHI is the valid copyright holder for the photograph in question.

41.     BIG through its members and agents acting on its behalf, including Voletta

Wallace, Faith Evans, Rick Barlow, Wayne Barrow and Tom Bennet filed the lawsuit due to the

CHI, not accepting an extorting offer to license CHI's copyrighted material to BIG.

42.     Only after, CHI's denial of extorting offer did BIG file the malicious lawsuit.

43.     BIG filed its lawsuit maliciously for the purpose of harassing and injuring CHI.

44.     CHI has suffered both financial losses and expectant financial losses due to this

lawsuit.

## COUNT III
## INTENTIONAL INTERFERENCE WITH PROSCPECTIVE ECONOMIC ADVANTAGE

45.     CHI seeks relief-based on Section 43(a) the Federal Lanham Trademark Act, 15

U.S.C. §§1125(a) and New York General Business Law §§ 349-350, unfair competition (1)

unlawful business act or practice and (2) unfair business act or practice.

46.     BIG through their illegal and bad faith conduct have interfered with an economic

relationship between the CHI and other named Defendants.

47.     BIG had knowledge of this relationship. BIG through its members and agents,

including Voletta Wallace, Faith Evans, Rick Barlow, Wayne Barrow and Tom Bennet knew of

this relationship for almost a full year before bringing their malicious lawsuit.

BIG conducted multiple wrongful acts to CHI. The BIG defamed CHI and used a malicious

lawsuit to prevent him from exploiting his exclusive copyright rights.

48.     BIG had intent to disrupt the economic relationship. BIG' used these acts to

prevent CHI and other named Defendants from conducting any business both in the US and

Globally.

8

49. Due to BIG's actions there has been a disruption to CHI's relationship. Because of BIG's bad acts, CHI and other named Defendants have stopped their business agreement and their relationship has become fractured.

50. CHI has suffered severe harm financially and emotionally due to BIG's bad acts. The BIG's malicious lawsuit and subsequent Defamation are the root cause of CHI's harm.

## COUNT IV
## INTENTIONAL INTEREFERENCE WITH A CONTRACTUAL RELATIONSHIP

51. CHI seeks relief based on New York General Business Law §§ 349 and Section 43(a) of the Federal Lanham Trademark Act, 15 U.S.C. §§1125(a) unfair competition (1) unlawful business act or practice and (2) unfair business act or practice.

52. A contract existed between the CHI and other named Defendants. CHI and named Defendants had an ongoing business relationship that was mutually beneficial to both parties.

53. BIG knew about the contract. BIG, through its members and agents, Voletta Wallace, Faith Evans, Rick Barlow, Wayne Barrow and Tom Bennet knew about this contract for almost a year.

54. BIG engaged in conduct that prevented or hindered performance of the contract. By filing the malicious and baseless lawsuit BIG hindered the performance of the contract.

55. BIG intended this result, or knew it was likely. BIG made numerous statements both on the complaint and to the CHI that the goal of the malicious lawsuit was to harm CHI

9

56.     BIG's actions have harmed CHI. CHI has been harmed by this existing contract being stalled and questioned due to the BIG's wanton and vicious acts.

57.     BIG's conduct substantially caused this harm. BIG's conduct has caused financial and emotional harm to the Defendant both domestically and globally.

## COUNT V
## INTENTIONAL INLICTION OF EMOTIONAL DISTRESS

58.     BIG's frivolous and baseless lawsuit with the sole intent of harming and defaming the CHI is outrageous. BIG and its members and agents including Voletta Wallace, Faith Evans, Rick Barlow, Wayne Barrow and Tom Bennet have taken actions that t exceeds all bounds usually tolerated in a civilized society.

59.     BIG has intended to cause or recklessly disregarded the probability of causing emotional distress. Due to BIG's wanton and reckless actions, CHI has suffered emotional harm. CHI is faced with ridicule due to BIG's wanton conduct. CHI has to field questions from many people asking if he is "a usurper and a parasite". CHI has suffered severe emotional harm.

60.     CHI has suffered severe emotional distress due to BIG's tactics. The Defendant cannot afford his livelihood based on the damage to his reputation and the severe defamation on his character.

61.     The BIG's wanton conduct and malicious lawsuit are the sole cause of CHI's Emotional Distress.

## COUNT VI
## UNFAIR COMPETITION UNDER NEW YORK COMMON LAW

62.     Plaintiff repeats and reavers the allegations contained in paragraphs 1 through 58 as if set forth fully herein.

63.     Defendants' activities as alleged above constitute unfair competition in violation of the common law of the State of New York.

64.     As a direct and proximate result of the foregoing acts of the Defendants, the Plaintiff has been damaged in an amount to be proved at trial.

## COUNT VII
## INJURY TO BUSINESS REPUTATION AND DILUTION
## UNDER NEW YORK STATE LAW

65.     Paragraphs 1-64 above are realleged and reincorporated herein by reference as if set forth in full.

66.     Defendants are liable to Chi Modu for violations of N.Y. Gen. Bus. Law § 360-L.

## COUNT VIII
## BAD FAITH DEALINGS AND DECEPTIVE CLAIMS TO EXCLUSIVE RIGHTS
## UNDER NEW YORK STATE LAW

67.     Paragraphs 1-63 above are realleged and reincorporated herein by reference as if set forth in full.

68.     Defendants are liable to CHI for violations of N.Y. Gen. Bus. Law § 349-350.

69.     In the previous case, Defendants introduced two trademarks post litigation which were not included in the original complaint.

70.     These trademarks are #88762553 (filed on January 16, 2020) and #88726958 (filed December 13, 2019).

71.     As stated above, none of these numbers were on the original complaint and therefore were never discussed or pleaded upon.

72.     Additionally, none of the other parties to the prior litigation were informed and notified of the existence of these trademarks severely prejudicing CHI.

73.     Defendant's filed these two trademarks in bad faith to interrupt the litigation and strengthen their case for ownership in order to defeat CHI's meritorious argument.

11

74.     This severely prejudiced and hurt CHI's case and took him by surprise.

Defendants brought this through bad faith activity, to not only damage CHI's business but to also

gain a bad faith upper hand against him, considering they knew that their original case had no

merits.

### COUNT VIIII
### BAD FAITH DEALINGS AND DECEPTIVE CLAIMS TO EXCLUSIVE RIGHTS UNDER THE FEDERAL LANDHAM TRADEMARK ACT

75.     Paragraphs 1-74 above are realleged and reincorporated herein by reference as if

set forth in full.

76.     CHI seeks relief from the Federal Lanham Trademark Act, 15 U.S.C. §§1125(a)

unfair competition (1) unlawful business act or practice and (2) unfair business act or practice.

**WHEREFORE,** Defendants/counterclaim plaintiff, respectfully request judgment

against Plaintiffs, and their respective partners, agents, and employees, and any and all persons in

active concert or participation with Defendants, and each of their heirs, executors, administrators,

successors, licensees, assigns, subsidiaries, parents, affiliates, divisions, co-venturers, partners,

officers, directors, employees, agents shareholders, managers, representatives, consultants and

any and all other persons, corporations or other entities acting under the supervision, direction,

control or on behalf of any of the foregoing as follows:

A.     Preliminarily and permanently enjoining Plaintiffs, and their respective

partners, agents, and employees, and any and all other persons in active concert or

participation with Defendants, and each of their heirs, executors, administrators,

successors, licensees, assigns, subsidiaries, parents, affiliates, divisions, co-venturers,

partners, officers, directors, employees, agents, shareholders, managers, representatives,

consultants and any and all other persons, corporations or other entities acting under the

12

supervision, direction, control or on behalf of any of the foregoing from (a) continuing this malicious and baseless lawsuit (b) a public rebuttal of defamatory comment (c) Writing admission that Defendant Chi Modu can use his material work in any way his federally protected rights allow without threat of litigation.

B.      Awarding all damages requested in the Complaint including direct, indirect, compensatory and incidental damages in the amount of $10,000,000.00.

C.      Awarding pre- and post-judgment interest.

D.      Awarding attorneys' fees, costs, and disbursements in this action; and

E.      Awarding such other relief as the Court deems just and proper.


Dated: New York, New York
         March 18, 2020



                                                          Chi Modu
                                                          Chimodu@gmail.com
                                                           210 Central Ave. #301,
                                                          Jersey City, NJ 07307
                                                          Tel: (917) 558 2012
                                                          Defendant in Pro Per

# FedEx

## Express



USMP3
SDNY



ORIGIN ID:KLLA  (917) 558-2012
CHI MODU.
210 CENTRAL AVE APT 301
JERSEY CITY, NJ 07307
UNITED STATES US

TO PRO SE INTAKE
US DISTRICT COURT/SDNY
500 PEARL ST

NEW YORK NY 10007
(212) 805-0175      REF:

                    DEPT:

SHIP DA1
ACTWGT1
CAD: 699

BILL CRE

TRK#  3912 2188 1127
0201

E3 PCTA

THU – 19
PRIORITY