UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHI MODU,<br><br>                              Plaintiff,<br><br>                    -against-<br><br>NOTORIOUS B.I.G., LLC; VOLETTA<br>WALLACE; FAITH EVANS; RICK<br>BARLOW; BYSTORM ENTERTAINMENT;<br>WAYNE BARROW; TOM BENNET;<br>REPUBLIC MERCHANDISING, INC;<br>REMRYLIE LICENSE GROUP; JOHN AND<br>JANE DOES,<br><br>                              Defendants. | 20-CV-2453 (LLS)<br><br>ORDER TO AMEND |

LOUIS L. STANTON, United States District Judge:

Plaintiff Chi Modu brings this *pro se* action asserting claims in connection with a 1990s photograph that he took of Christopher Wallace, a rap artist known as "The Notorious B.I.G." On April 10, 2020, the Court received Plaintiff's payment of the filing fees to commence this action. For the following reasons, the Court grants Plaintiff leave to file an amended complaint within thirty days of the date of this order.

## STANDARDS

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

The following allegations are taken from Plaintiff Chi Modu's complaint. Plaintiff is a well-known photographer, and in the 1990s, he took pictures of Christopher Wallace, the rap artist known as "The Notorious B.I.G.," including a photograph of Wallace in front of the World Trade Center ("the WTC photograph"). After Wallace died, his estate was probated in Bergen County, New Jersey, and Notorious B.I.G., LLC ("BIG") is the successor-in-interest to Wallace's estate. (*Id.* at ¶ 8).

In 2006, Plaintiff copyrighted the WTC photograph of Wallace under registration number VAU690-814. Violetta Wallace, Faith Evans, Rick Barlowe, Wayne Barrow, and Tom Bennet, acting as agents for BIG, were "aware of this [2006] copyright, having licensed copyrighted material from [Plaintiff] CHI on multiple occasions," including as recently as December 2018. (*Id.* at ¶ 24). Plaintiff attempted to negotiate a licensing agreement that better reflected the profit that BIG earned from Plaintiff's photographs, but "negotiations broke down." (*Id.* at ¶ 26). BIG and its agents then "filed a malicious and baseless lawsuit" that "defamed CHI to ensure that he would not get any more work or projects," not only for the WTC photograph but also for Plaintiff's "entire catalog of copyrighted works." (*Id.* at ¶ 27).

This appears to be a reference to the trademark infringement suit, *Notorious B.I.G., LLC v. Yes Snowboards*, No. 2:19-CV-1946 (JAK) (C.D. Cal.), which BIG filed in March 2019, against Plaintiff, Yes Snowboards, and the Nidecker Group. In this still-pending action, BIG alleges that Plaintiff and his codefendants sold Biggie Snowboards, using words and images that infringed BIG's trademarks. Plaintiff filed a counterclaim in that action, asserting causes of action for defamation, unfair competition, intentional interference with prospective economic advantage, intentional interference with a contractual relationship, and intentional infliction of emotional distress. *Notorious B.I.G., LLC*, No. 2:19-CV-1946 (JAK) (C.D. Cal.) (ECF No. 21).

In addition to bringing a counterclaim in the Central District of California against BIG, Plaintiff brought this separate suit against BIG and additional parties that he identifies as BIG's agents (Violetta Wallace, Faith Evans, Rick Barlowe, Wayne Barrow, and Tom Bennet), Republic Merchandising, Inc., described as a "California entity," and ByStorm Entertainment, described as a "New York record company." Plaintiff asserts claims for defamation, unfair competition, intentional interference with prospective economic advantage, intentional interference with a

contractual relationship, and intentional infliction of emotional distress. He also makes passing references to federal trademark and copyright laws.

Plaintiff alleges that Defendants defamed him by falsely stating that he: (1) is a "usurper and parasite that attempt[s] to create profits through no WORK of his own"; and (2) "intentionally and in bad faith gained access to a photograph," even though Defendants knew that he had taken the photograph. (*Id.* at ¶ 32.) Plaintiff invokes section 43(a) of the Lanham Act, alleging that he and BIG are competitors and "operate in the same market." (*Id.* at ¶ 38). He asserts that Defendants sued him for "not accepting an extorting offer to license CHI's copyrighted material to BIG." (*Id.* at ¶ 41).

## DISCUSSION

### A.    Duplicative Suit in California

Under the "first-filed rule," where "there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *AEP Energy Svc. Gas Holding Co. v. Bank of Am.*, 626 F.3d 699, 722 (2d Cir. 2010) (quoting *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989)). Deference to the first suit prevents courts from being "called upon to duplicate each other's work in cases involving the same issues and the same parties." *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197,1203 (2d Cir. 1970). The first-filed rule also seeks to "achieve comprehensive disposition of litigation among parties over related issues, and to eliminate the risk of inconsistent judgments." *Regions Bank v. Wieder & Mastroianni, PC*, 170 F. Supp. 2d 436, 439 (S.D.N.Y. 2001).[1]

---

[1] The Second Circuit has recognized only two exceptions to the first-filed rule: "(1) where the 'balance of convenience' favors the second-filed action, and (2) where 'special circumstances' warrant giving priority to the second suit." *Employers Ins. of Wausau v. Fox*

Here, BIG's suit against Plaintiff in California and Plaintiff's counterclaim, *Notorious B.I.G.,* No. 2:19-CV-1946 (JAK) (C.D. Cal.), appear to raise the same issues for adjudication that are raised in this action. For example, BIG argues in the California action that Plaintiff does not hold a valid copyright, even though it does not dispute that he took the WTC photograph, either because (1) the WTC photograph was a work-for-hire and belongs to *Source* magazine; (2) Plaintiff's registration of a copyright in 2006, approximately 20 years after the photograph's creation, was untimely; and (3) the attempted registration is invalid because it contains inaccurate information about the date the WTC photograph was created. BIG argues that even if Plaintiff had a copyright, his use of the photograph on snowboards in connection with BIG's trademarks ("Biggie Smalls," "The Notorious B.I.G.," and "It was all a dream"), violates the Lanham Act. *See Notorious B.I.G.,LLC,* No. 2:19-CV-1946 (JAK) (C.D. Cal.) (Opposition to Summary Judgment Motion, ECF 90 at 10-12).

In this complaint, Plaintiff relies on the same 2006 copyright at issue in the California action. (ECF 1, at ¶ 23). Plaintiff sues BIG and its agents (Violetta Wallace, Faith Evans, Rick Barlowe, Tom Bennet), arguing that they "offer[ed] a[n] unfair sum of money to license the copyrighted photo," when compared with the revenue that BIG earned "off Chi's copyrighted photos." (*Id.* at ¶ 25). He argues that because negotiations regarding licensing the copyrighted WTC photograph broke down, Defendants defamed him in the "baseless" trademark action. (*Id.* at ¶ 27). In order to avoid duplicate litigation, it therefore appears that the suit filed in California should have priority, unless an exception to this general rule of priority applies.[2]

---

*Entm't Grp., Inc.*, 522 F.3d 271, 274–75 (2d Cir. 2008).

[2] Plaintiff also pleads facts suggesting that venue does not lie in this Court under the general venue provision. 28 U.S.C. § 1391(b). Plaintiff alleges that Defendants do not all reside in New York and pleads facts showing that events giving rise to his claims took place outside New York.

But "[b]efore a district court can consider a motion to transfer, it must determine whether it has subject-matter jurisdiction." *Findwhat.Com v. Overture Servs., Inc.*, No. 02-CV-447, 2003 WL 402649, at *3 (S.D.N.Y. Feb. 21, 2003); *Leeds, Morelli, & Brown, P.C., v. Hernandez*, 2005 WL 2148994, *3 (E.D.N.Y. Sept. 6, 2005) (holding that a court lacking subject matter jurisdiction over a removed action had no authority under a "first-filed rule" to transfer a case raising the same issue to another district and citing cases holding that subject matter jurisdiction is a prerequisite to transfer). The Court therefore examines its subject matter jurisdiction over this action.

**B.      Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when the parties are of diverse citizenship and the amount in controversy exceeds the sum of $75,000, § 1332, or when a "federal question" is presented, § 1331.

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendants are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). An individual's citizenship, within the meaning of the diversity statue, is determined by his domicile." *Johnson v. Smithsonian*, 4 Fed. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 88, 42 (2d Cir. 2000)). A corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). And "a limited liability company . . . takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). Here, Plaintiff alleges that both he and Defendant Wayne Barrow are domiciled in

New Jersey (ECF 1 at ¶¶ 7, 10), and he alleges that he has no information about the citizenship of many of the other defendants. Plaintiff therefore fails to show that there is complete diversity of citizenship under 28 U.S.C. § 1332.

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007). Although Plaintiff invokes section 43(a) of the Lanham Act, he does not allege that he holds a trademark, and his allegations that BIG and its agents defamed him in their trademark infringement suit against him in California appear to arise under state law, as do all of his other causes of action. Moreover, Plaintiff does not allege in this action that any defendant infringed his copyright, in violation of federal copyright law, 17 U.S.C. § 101. Instead, Plaintiff asserts state law claims arising from the fact that BIG allegedly filed a "baseless" trademark infringement action against Plaintiff after negotiations to license his copyrighted photograph to them "broke down." (ECF 1 at ¶ 27). Such allegations of retaliation in connection with licensing negotiations do not arise under federal copyright law. Plaintiff thus does not establish federal question jurisdiction over this action.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects unless it would be futile to do so. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Moreover, generally a district court should allow a plaintiff "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240,

243 (2d Cir. 1987). The Court therefore grants Plaintiff leave to amend his complaint to plead facts establishing subject matter jurisdiction.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to plead facts showing that the Court has subject matter jurisdiction over this action and to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case, including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-2453 (LLS). An Amended Complaint form is attached to this order. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated:  April 16, 2020
        New York, New York

_____Louis L. Stanton_____
            Louis L. Stanton
                U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                              (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                         (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                              State                Zip Code

_____

Telephone Number                        Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State              Zip Code

Defendant 2: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State              Zip Code

Defendant 3: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State              Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

| Street Address |
|---|

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.