UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHI MODU,<br><br>                              Plaintiff,<br><br>-against-<br><br>NOTORIOUS B.I.G., LLC; VOLETTA WALLACE; FAITH EVANS; RICK BARLOW; BYSTORM ENTERTAINMENT; WAYNE BARROW; TOM BENNET; REPUBLIC MERCHANDISING, INC; REMRYLIE LICENSE GROUP; JOHN AND JANE DOES 1-10,<br><br>                              Defendants. | 20-CV-2453 (LLS)<br><br>ORDER |

LOUIS L. STANTON, United States District Judge:

Plaintiff Chi Modu filed this action *pro se*. Plaintiff alleges that because he refused to license his copyrighted photograph of Christopher Wallace, the rap artist known as Notorious B.I.G., to Defendants at below-market rates, Defendants brought a trademark action against him and his associates, *Notorious B.I.G., LLC v. Yes Snowboards*, No. 19-CV-1946 (JAK) (C.D. Cal.) (filed March 2019). Plaintiff Modu filed a counterclaim in the California trademark action, alleging that Notorious B.I.G., LLC, engaged in unfair trade practices in connection with licensing his photograph.

Plaintiff now brings this action, asserting claims arising from the same events on which he bases his pending counterclaim. Plaintiff alleges that Notorious B.I.G., LLC, and other defendants engaged in unfair business practices in connection with licensing Plaintiff's photographs of Wallace, in violation of section 5 of the Federal Trade Commission Act, 15

U.S.C. § 45,[1] and section 43(a) of the Lanham Act, 15 U.S.C. § 1125. Plaintiff also invokes the Court's diversity jurisdiction, 28 U.S.C. § 1332, but does not plead facts in his amended complaint about the citizenship of all defendants.[2]

## DISCUSSION

Under the "first-filed rule," when two district courts concurrently have before them actions involving the same parties and issues, there is a strong presumption in favor of the forum of the first-filed suit. *New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991); *Am. Steamship Owners Mut. Protection and Indemnity Assoc., Inc. v. LaFarge No. Am., Inc.*, 474 F. Supp. 2d 474, 481 (S.D.N.Y. 2007) (holding that the first-filed "principle requires a substantial overlap between the cases, in that they have identical or substantially similar parties and claims").

Unless this presumption can be overcome, as by a showing that the balance of convenience clearly favors the second-filed action, or by other "special circumstances," the second suit should be stayed or dismissed in favor of the first. *Comedy Partners v. Street Players Holding Corp.*, 34 F. Supp. 2d 194, 196 (1999); *see also AEP Energy Services Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 723 (2d Cir. 2010) ("[A] district court can go 'beyond the allowable bounds of discretion' when it refuses to stay or dismiss a duplicative suit."). "Special circumstances include situations where there is only a short span of time between the filing of the two actions, where there is a lack of progress in either litigation, or where the

---

[1] *See, e.g., McNeill v. Toyota*, No. 16-CV-02058 (NGG), 2016 WL 2853528, at *3 (E.D.N.Y. May 13, 2016) (Sections 45 and 57a of the Federal Trade Commission Act ("FTCA") prohibit unfair or deceptive practices affecting commerce [but do] not provide a private right of action.").

[2] The Court directed Plaintiff to amend his complaint to plead facts plausibly showing that the Court could exercise subject matter jurisdiction over this action. In his amended complaint, Plaintiff adds additional defendants, including individuals allegedly acting as agents of Notorious B.I.G., LLC.

interest of justice favors the second action." *LaFarge No. Am., Inc.*, 474 F. Supp. 2d at 481 (citations omitted).

The district court can also transfer the second suit to the forum of the first-filed action. "The factors to be weighed in balancing the competing interests for the purposes of assessing the applicability of the first-filed rule and deciding a motion to transfer venue are essentially the same, and so a single analysis will resolve both issues." *Id.* The first-filed rule is "one among several factors in the overall calculus of efficiency and the interests of justice." *Id*.

Applying the standards set forth above, the Court concludes that this action overlaps substantially with Plaintiff's pending counterclaim in California.[3] Plaintiff is therefore directed to submit a brief statement addressing whether this case should be stayed, dismissed without prejudice to the pending action, or transferred to the United States District Court for the Central District of California where his substantially similar counterclaim is pending in *Notorious B.I.G., LLC*, No. 2:19-CV-1946 (JAK) (C.D. Cal.). Any defendant who wishes to submit a statement may do so.[4] The parties may address such factors as the convenience of the witnesses and parties, location of documents, and the weight that should be afforded to the Plaintiff's choice of filing in this judicial district. Such written statements must be filed with the Court within 30 days of this order.

---

[3] Even though Plaintiff named only Notorious B.I.G., LLC, as a defendant in his counterclaim, the counterclaim implicates many of those whom he has named as defendants in this action. *See Notorious B.I.G., LLC*, No. 2:19-CV-1946 (JAK) (C.D. Cal.) (Counterclaim, ECF No. 21 at ¶ 7) ("BIG through its members and agents . . . including Voletta Wallace, Faith Evans, Rick Barlow, Wayne Barrow and Tom Bennett out of retaliation for CHI asking for a more equitable deal, filed a malicious and baseless lawsuit . . . .").

[4] The Court issued summonses for defendants in April 2020, when Plaintiff paid the filing fees for this action, but Plaintiff has not filed proof that he effected service on any defendant.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is directed to serve a copy of this order on defendants, together with service of the summons and complaint.

Plaintiff is directed to submit, within 30 days of this order, a brief statement addressing whether this case should be stayed, dismissed without prejudice to his pending counterclaim in *Notorious B.I.G., LLC*, No. 2:19-CV-1946 (JAK) (C.D. Cal.), or transferred to the United States District Court for the Central District of California where his counterclaim is pending. Any defendant may also submit, within 30 days of this order, a brief written statement.

If no party responds to this order within 30 days of this order, the Court will, under the first-filed rule, transfer this case to the Central District of California, where Plaintiff's counterclaim arising from the same events that form the basis for this action is pending.

SO ORDERED.

Dated:   June 10, 2020
        New York, New York

                                                      Louis L. Stanton
                                                      U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| _____ | _____ |
| Executed on (date) | Signature |

| _____ | _____ |
| Name | Prison Identification # (if incarcerated) |

| _____ | _____ | _____ | _____ |
| Address | City | State | Zip Code |

| _____ | _____ |
| Telephone Number (if available) | E-mail Address (if available) |

Page 2