UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHI MODU,<br><br>                              Plaintiff,<br><br>           -against-<br><br>NOTORIOUS B.I.G., LLC; VOLETTA WALLACE; FAITH EVANS; RICK BARLOW; BYSTORM ENTERTAINMENT; WAYNE BARROW; TOM BENNET; REPUBLIC MERCHANDISING, INC; REMRYLIE LICENSE GROUP; JOHN AND JANE DOES 1-10,<br><br>                              Defendants. | 20-CV-2453 (LLS)<br><br>ORDER |

LOUIS L. STANTON, United States District Judge:

      Plaintiff Chi Modu filed this action *pro se*. He alleges that because he refused to license his copyrighted photograph of Christopher Wallace (the late recording artist known as "the Notorious B.I.G.") to Defendants at below-market rates, the Notorious B.I.G., LLC, brought a trademark action against him and his associates in the United States District Court for the Central District of California, *Notorious B.I.G., LLC v. Yes Snowboards*, No. 19-CV-1946 (JAK) (C.D. Cal.) (filed March 2019). Plaintiff Modu filed a counterclaim in the California trademark action, alleging that Defendant Notorious B.I.G., LLC, engaged in unfair trade practices in connection with licensing his photograph.

      Plaintiff then brought this action, alleging that Notorious B.I.G., LLC, and other defendants engaged in unfair business practices in connection with licensing Plaintiff's photographs of Wallace, in violation of section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, and section 43(a) of the Lanham Act, 15 U.S.C. § 1125. Plaintiff also invokes the

Court's diversity jurisdiction, 28 U.S.C. § 1332, but does not plead facts in his amended complaint about the citizenship of all defendants.[1]

By order dated June 10, 2020, the Court directed Plaintiff to show cause why this action should not be transferred to the United States District Court for the Central District of California, where his earlier filed counterclaim was pending. (ECF No. 21). On July 10, 2020, Plaintiff submitted a declaration in which he agrees to the transfer of this action. (ECF No. 23). Accordingly, for the reasons set forth in the Court's June 10, 2020 order, the Court transfers this matter to the United States District Court for the Central District of California, where Plaintiff's counterclaim arising from the same facts is pending, *Modu v. Notorious Big, LLC*, No. 19-CV-1946 (JAK) (C.D. Cal.).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. This Clerk of Court is further directed to transfer this action to the United States District Court for the Central District of California, where Plaintiff's counterclaim arising from the same events that form the basis for this action is pending, *Modu v. Notorious Big, LLC*, No. 19-CV-1946 (JAK) (C.D. Cal.). This order closes the action in this Court.

SO ORDERED.

Dated:   July 13, 2020
         New York, New York

                                                  _Louis L. Stanton_
                                                  Louis L. Stanton
                                                  U.S.D.J.

---

[1] The Court directed Plaintiff to amend his complaint to plead facts plausibly showing that the Court could exercise subject matter jurisdiction over this action. In his amended complaint, Plaintiff adds additional defendants, including individuals allegedly acting as agents of Notorious B.I.G., LLC.